PEARSON, J.
 

 We have no statute in reference to “peace warrants,” and the proceedings under them depend upon the common law. Whether, in rendering his judgment, the Justice of the Peace was right in including, as a part of the cost against the defendant, the officer’s charge for mileage, and for the guard, we do not decide; but we are clearly of opinion that it
 
 *552
 
 was error in the Court below to include these items in its judgment.
 

 The practice is, that any single Justice of the Peace, or a Judge may, upon probable cause, require a party to give security that he will keep the peace, and be of good behavior. This is done to prevent a breach of the peace, or the commission of an offence against the public, and also for the protection of the individual immediately concerned. To make it effectual, it must be done at once ; consequently, there is no appeal from the action of the justice or judge; for that, by vacating the judgment, would defeat the object in view.
 

 To guard against oppression, the obligation entered into to keep the peace, and to be of good behavior, is only till the next term of the Court, to be held for the county where the matter takes place, and the party is also required to enter into recognizance for his appearance at Court. Upon his appearance, the Court may discharge him, or may require him to give new security to keep the peace and be of good behavior, according to the facts as they appear upon investigation before it. But the Court does not review the judgment of the justice or judge, and consider whether it was founded upon sufficient ground or not, for it has answered its purpose, and is past. The proceeding of the Court is independent and unconnected with it, except so far as it constitutes the process by which the party has been brought in, and the judgment is necessarily confined to the Court costs; because the Court cannot give judgment and award costs for or against the party, in regard to the proceeding, before the justice or judge, without looking into and reviewing the proceeding before that tribunal; which, as we have seen, it has no authority to do, and, of course, it can give no judgment in reference to it.
 

 Per Curiam. Judgment reversed;
 
 scire facias
 
 dismissed.